UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ZEPHERINCE LEVASSEUR, an
individual,

      Plaintiff,

vs.                                  CASE NO.:

BRINKER FLORIDA, INC., d/b/a Chili's
Grill & Bar, a foreign profit corporation,

      Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Zepherince Levasseur ("Plaintiff"), by and through undersigned counsel, sues Defendant, Brinker Florida, Inc., d/b/a Chili's Grill & Bar, ("Defendant"), and alleges as follows:

## INTRODUCTION

1. This is an action brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (the "FLSA") for unpaid minimum wage compensation, retaliatory discharge, liquidated damages, attorneys' fees and costs, and other relief.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as the events or omissions giving rise to the claims alleged herein occurred in Manatee County, Florida and within the jurisdiction of the Middle District of Florida, Tampa Division.

**PARTIES**

4.      Plaintiff was and is a resident and citizen of Sarasota County, Florida.  At all times pertinent, Plaintiff worked for Defendant in Manatee County, Florida as a server/bartender.

5.      Defendant was and is a foreign profit corporation conducting business in the Middle District of Florida, Tampa Division, and subject to the requirements of the FLSA.

6.      At all times material, Plaintiff was an employee of Defendant pursuant to 29 U.S.C. § 203(e)(1); Defendant was the employer of Plaintiff within the meaning of 29 U.S.C. §§ 203(a) and (d); and Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

**FLSA COVERAGE**

7.      At all times material, Defendant was an enterprise covered by the FLSA, as defined by 29 U.S.C. § 203(r) and 203(s).

8.      At all times material, Defendant was an employer as defined by 29 U.S.C. § 203(d).

9.      Defendant was and is a Florida profit corporation with a principal place of business and conducting business in Manatee County, Florida, and subject to the requirements of the FLSA.

10.      Defendant is an enterprise engaged in interstate commerce, or in the production of goods for interstate commerce, with an annual gross volume of revenue not less than Five Hundred Thousand Dollars ($500,000.00).

11.     Defendant employs employees that handle goods or materials that have moved in interstate commerce, such as food products, beverages, and restaurant supplies.

12.     Defendant employs employees that are individually covered by the FLSA, such as servers that interact daily with non-Florida resident customers, process credit cards from out-of-state banks, and handle cash as part of their job, as well as the employees responsible for making orders through and interacting with food and alcohol vendors.

13.     Defendant is in the business of providing food and alcoholic and non-alcoholic drinks to the public that wish to eat and/or drink in Manatee County, Florida. Defendant is a relatively large, popular, and busy restaurant and full bar, specializing in pub fare, alcoholic drinks, and craft beers on tap from Florida as well as from other states. Defendant occupies a large commercial restaurant located within the busy Ellenton Premium Outlets in Ellenton, Florida.

14.     Plaintiff regularly prepared and served food and beverages, handled cash, and made credit card transactions for customers residing out of state and traveling from out of state.

15.     Plaintiff was individually covered by the FLSA.

**GENERAL ALLEGATIONS**

16.     Defendant employed Plaintiff in Manatee County, Florida, as a server and bartender, for around two (2) years, through on or around, October 10, 2020. (Plaintiff began work for Defendant in or around February 2017, but at some point after left the company for about twelve (12) months, returning to work March 15, 2020).

17.     During this time, Plaintiff estimates he worked about 30 to 35 hours per week (on the clock) for Defendant.

18.     Shortly after Plaintiff returned to work in March 2020, and continuing through Plaintiff's separation from Defendant on or around October 10, 2020, at the direction of the General Manager, when Plaintiff was not scheduled to work as a server or bartender, Plaintiff was required to unload and put-away food product from delivery trucks, was required to handle or assist with "to-go" orders (i.e., bagging to-go orders and running them to customers in the parking lot), and was required to fill in as a key manager. At these times when Plaintiff was not working as a server or bartender, however, Plaintiff was generally prohibited from clocking-in.

19.     Thus, despite working for Defendant unloading delivery trucks, handling "to-go" orders, and filling in as a key manager, Plaintiff frequently received no direct compensation for his time working in these roles (aside from customer tips associated with the "to go" orders).

20.     As a result of Defendant's actions, Plaintiff did not receive compensation at a rate at least commensurate with the federal or state minimum wage during his employment with Defendant.

21.     Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts to be paid to Plaintiff are in the possession and custody of the Defendant.

22.     Plaintiff has been required to retain counsel to prosecute the claims herein, and is obligated to pay counsel reasonable attorneys' fees and costs.

23.     All conditions precedent to this action have been satisfied.

## COUNT I - FLSA (MINIMUM WAGE VIOLATION)

24.     Plaintiff hereby incorporates by reference the allegations contained within paragraphs 1 through 23.

25.     Plaintiff was entitled to be compensated at a rate at least commensurate with federal minimum wage for each hour worked during his employment with Defendant.

26.     As a result of Defendant's actions in this regard, Plaintiff has not been properly compensated federal minimum wage for each hour worked.

27.     Defendant willfully failed to pay Plaintiff minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206 because Defendant was well aware of the minimum wage law requirements but continued its violations regardless.

28.     As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendant.

29.     Defendant's violations of the FLSA were knowing and willful.

WHEREFORE, Plaintiff respectfully requests that this Court:

a.      award damages for the amount required to provide Plaintiff the appropriate minimum wage for all hours worked;

b.      award liquidated damages, pursuant to 29 U.S.C. § 215(b), in an amount equal to (a) above;

c.      award post-judgment interest, reasonable attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b);

      d.      entry of final judgment against Defendant; and

      e.      award all other relief as the Court deems just and proper.

**<u>COUNT II - FLSA (RETALIATORY DISCHARGE)</u>**

30.      Plaintiff hereby incorporates by reference the allegations contained within paragraphs 1 through 23.

31.      During Plaintiff's employment with Defendant, on or about October 1, 2020, Plaintiff complained to the General Manager, that Defendant was requiring Plaintiff to work off the clock in violation of the FLSA.

32.      On or about October 10, 2020, in retaliation for Plaintiff's complaint, Defendant terminated Plaintiff's employment in violation of the anti-retaliation provisions of the FLSA.

33.      There is a causal link between Defendant's termination of Plaintiff's employment, and the assertion by Plaintiff of his rights and the unfulfilled duties of Defendant under the FLSA.

34.      As a result of Defendant's wrongful termination of plaintiff in violation of the FLSA, Plaintiff lost wages and suffered emotional distress.

35.      Defendant's violations of the FLSA were knowing and willful.

WHEREFORE, Plaintiff demands judgment for lost wages; reinstatement, or in the alternative front pay; compensatory damages; liquidated damages; attorneys' fees and costs; and such further relief as may be just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff does hereby demand a Jury Trial on all issues and claims so triable.


s/ Bradley P. Rothman
Bradley P. Rothman, Esq.
Florida Bar No. 0677345
brothman@weldonrothman.com
WELDON & ROTHMAN, PL
2548 Northbrooke Plaza Drive
Naples, Florida 34119
Tel: (239) 262-2141
Fax: (239) 262-2342
*Counsel for Plaintiff*